JEPTHA LANDRUM, next friend, &c., plaintiff in error, vs. WILLIAM J. RUSSELL, defendant in error.

It is error to charge the jury, that a deed of gift to a slave is superseded by a subsequent purchase from the same person, without notice of such deed of gift, in a case where there is no evidence of a purchase from the same person, and where the deed of gift had been recorded within twelve months after it was made—such record being equivalent to actual notice to the subsequent purchaser by our Act of 1838. See *Cobb's Digest,* page 176.

Trover, in Fayette Superior Court. Tried before Judge BULL, March Term, 1859.

This was an action of trover by William M. D. F. Elder, (by his next friend, Jeptha Landrum,) against William J. Russell, to recover a negro man named Ephraim.

It appeared that this negro originally belonged to Joshua

Elder, who sold him to his brother, Sterling Elder, in 1843, and executed a bill of sale to him. Sterling, by deed of gift, dated 22d April, 1846, conveyed said negro to the plaintiff, an infant son of Joshua Elder. This deed was recorded 23d April, 1846 ; afterwards, about 1848, the negro, Ephraim, was sold at Sheriff sale, as the property of Joshua Elder, under a *fi. fa.* against him, of prior date, to the bill of sale, or deed of gift aforesaid. At this sale, Sterling Elder became the purchaser, and the negro went into the possession of Joshua Elder again. Subsequently, in 1853, the negro was again sold by the Sheriff, under a *fi. fa.* controlled by Sterling Elder, as the property of Joshua Elder, and purchased by Mary Nixon, and by her, afterwards, sold to William J. Russell, the defendant.

After the testimony had closed, which was voluminous, the Court charged the jury, amongst other things, that the title acquired by Sterling Elder at the Sheriff's sale, did not inure to the benefit of the plaintiff, to whom Sterling Elder had previously given the negro; that the Sheriff's sale in 1848, could not affect plaintiff's title in any way; for if title vested in him before that sale, the sale could not divest it; and if he had no title before that time, the Sheriff's sale could not enure to his benefit; that where a Sheriff levied an execution on personal property sufficient to satisfy it, and the levy was dismissed by order of the plaintiff, or his attorney, it was *prima facie* a satisfaction of the *fi. fa.* If the *fi. fa.* under which, the negro was sold was fully paid off, no title could pass to the purchaser at Sheriff sale, and defendant claiming under said purchaser, had no title. But if he purchased from Sterling Elder for a valuable consideration, without notice of plaintiff's title, he was protected, even if the *fi. fa.* was paid off, provided the deed of gift previously executed by Sterling Elder to plaintiff was purely voluntary, and defendant had no notice of it. For though a deed made without valuable consideration, or to defraud creditors, is

Landrum vs. Russell.

good between the parties, it is not good against subsequent purchasers, for value, and without notice.

To which charge plaintiff excepted.

The Jury found for the defendant, and counsel for plaintiff tender their bill of exceptions, and assign as error the charge aforesaid.

J. M. & W. L. CALHOUN; STONE & FITCH, for plaintiff in error.

TIDWELL & WOOTEN; and B. H. HILL, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] We had no difficulty in reversing the judgment in this case, upon the ground, that the Court erred in charging the jury, that if Russell bought the negro from 'Sterling Elder, without notice of the previous deed of gift from Sterling to William Elder, then the purchase by Russell took precedence of the gift; for there is no evidence to authorize such a charge. There is no evidence that Russell bought the negro from Sterling Elder at all; and then the deed of gift was recorded within twelve months after it was made—a fact which by statute, see *Cobb's Digest, page* 176, is, I think, made equivalent to actual notice.

[2.] As this case was hastily argued, at the close of the Term, without a careful analysis of its numerous facts, we determined to confine our *judgment* in it to the point above stated.

Judgment reversed.